Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50250 | DATE | 6/1/2004 |
| CASE TITLE | Glemza vs. Nygren | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 6-2-04 date docketed | 50 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 6-2-04 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Gregg Glemza, filed a one- count, amended complaint under 42 U.S.C. § 1983 against defendant, Keith Nygren, individually and in his official capacity as the Sheriff of McHenry County, Illinois. Plaintiff claims, relying on a "class of one" theory, that he was denied equal protection when he was required to re- attend a five- week basic training course for corrections officers upon his being reinstated to his position as a correctional officer at the jail following his successful legal challenge to his termination in state court. Defendant has moved for summary judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Nevel v. Village of Schaumburg, 297 F. 3d 673, 678 (7th Cir. 2002).

Plaintiff proceeds under a "class of one" equal protection theory as recognized in Village of Willowbrook v. Olech, 528 U. S. 562, 564, 120 S. Ct. 1073 (2000). To succeed on such a claim, a plaintiff must demonstrate that he has been intentionally treated differently from similarly situated others and that there is no rational basis for the difference in treatment. Purze v. Village of Winthrop Harbor, 286 F. 3d 452, 455 (7th Cir. 2002). To make out a prima facie case, the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the law for reasons of a personal nature unrelated to the duties of the plaintiff's position. Purze, 286 F. 3d at 455. The plaintiff must show he was treated differently than someone who is prima facie identical in all relevant respects. Purze, 286 F. 3d at 455.

A second theory under the "class of one" rubric allows a plaintiff to show that the government is treating unequally those individuals who are prima facie identical in all relevant respects and that the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant. Nevel, 297 F. 3d at 681. Under this alternative approach, ill- will must be the sole cause of the complained of action. Nevel, 297 F. 3d at 681.

Prior to the Supreme Court's approval of the class of one approach, the Seventh Circuit applied it in the employment context. See Levenstein v. Salafsky, 164 F. 3d 345, 352-53 (7th Cir. 1998).

In the present case, plaintiff relies on both branches of the class of one equal protection theory. His claim fails under either approach, however, as he has not offered evidence that other similarly situated employees were treated differently. The undisputed evidence shows that Godwin and Banker were not identical to plaintiff in all relevant respects. Godwin had much more experience in terms of time and position. She was also absent for about half the time that plaintiff was. As for Banker, he was also not absent anywhere near the amount of time plaintiff was gone. He was also gone because of a medical disability as opposed to disciplinary reasons. Defendant is entitled to summary judgment on this basis alone.

Alternatively, plaintiff's equal protection claim fails as a matter of law because he has not shown that he suffered any adverse employment action as a result of being required to re- attend the basic training course. It is undisputed that plaintiff was reinstated with seniority, pay, and benefits at a level commensurate with his experience and that those benefits were unaffected during his time in basic training. While plaintiff points to a few instances where his fellow employees and trainees joked about his being in the training course, such jokes do not rise to the level of constitutional harm.

Plaintiff's claim also fails under both approaches because he has not shown that the reasons that defendant sent him to basic training were personal and unrelated to plaintiff's duties or that the sole reason for defendant sending him to the basic training course was based on animus or ill- will. Quite the contrary, the undisputed evidence shows that because of the short duration of his prior corrections experience, the length of his absence, the fact he had not worked in corrections during his absence, and an entirely independent recommendation by a state employee with expertise related to correctional training that plaintiff re- attend the basic course, defendant decided to require plaintiff to re- attend. These are completely rational reasons in no way connected to any personal reasons, animus or ill- will on the part of defendant. Even if plaintiff could show that personal reasons, animus, or ill- will motivated in part defendant's decision to require him to re- attend basic training ( a matter plaintiff has not shown), he has not demonstrated that such personal reasons, ill- will, or animus were the sole motivating factor. Thus, summary judgment is proper on this basis as well.

Having granted summary judgment in favor of defendant in this case, the court pauses to comment. It is difficult to perceive of a legitimate reason to bring this case where the sole complained of conduct is a requirement that plaintiff re- attend a basic training course while receiving full employment benefits. Plaintiff was absent from work for almost twice as long as he had worked in corrections. It seems quite rational to the court that in light of the complexities of correctional work that defendant opt for such a course of conduct. The benefits to plaintiff, plaintiff's co- workers, the inmates, and the taxpayers of the county far outweigh any negligible inconveniences to plaintiff. While there be some mutual feelings of disagreement between plaintiff and defendant given the history of the state court litigation, a federal lawsuit is not the proper forum to vent those differences. It is time for both parties to move on.

For the foregoing reasons, the court grants summary judgment in favor of defendant on all of plaintiff's claims and dismisses this cause in its entirety.